Derry District Court
No. 85-055

*In re* AARON D.

December 5, 1985

*Larson & Townsend P.A.*, of Londonderry (*David R. Connell* on the brief and orally), for the Town of Chester.

*Donald M. Redden*, of Nashua, by brief and orally, for the defendant Lakeview Academy.

JOHNSON, J.   By a petition for certiorari, plaintiff Town of Chester (the Town) seeks reversal of part of an order of the Derry District Court (*Warhall*, J.) which named the town legally liable for the

expenses of a juvenile placement under RSA 169-B:40 (Supp. 1983). We affirm the order.

The Derry District Court adjudicated Aaron D. delinquent under RSA chapter 169-B (Supp. 1983) and, after a final dispositional hearing on June 6, 1984, ordered him committed to the Youth Development Center for his minority, with the commitment to be rescinded upon his entrance to Lakeview Academy Summer Program on July 1, 1984. Summer tuition at Lakeview totalled $2,800, and the Town, where Aaron D. and his parents reside, was named the legally liable unit. The Town did not contest the liability order of the Derry District Court.

On August 22, 1984, the court ordered the continuation of Aaron D.'s placement at Lakeview Academy in a regular school program from September 4, 1984 until June 18, 1985, and designated the Town to continue as the legally liable unit. The Town was notified of this order by a copy received on September 5, 1984.

On October 2, 1984, the Town objected to liability and requested a hearing, on the grounds that the placement was unauthorized under RSA chapter 169-B (Supp. 1983) and that the Town was not liable for expenses deriving from an unauthorized placement. While the hearing was pending, the Town paid Lakeview Academy $16,923.40 in fees and tuition, pursuant to the court order.

On January 16, 1985, the court amended its previous order, ruling that Aaron D.'s residential placement at Lakeview Academy was incorrect, but continued the placement until the end of the second trimester on March 3, 1985. The court refused to rule that the Town was not legally liable for the expenses of the placement.

Expenses incurred in the placement of delinquent children are payable by the town in which the minor resides at the time the petition is filed, or the town in which the minor is taken into custody if residence cannot be determined. RSA 169-B:40, I (Supp. 1983). Upon determination of liability at any stage of the proceeding, the legally liable unit may request a hearing on the issue of liability "*within 30 days* from the receipt of notice" from the court. RSA 169-B:40, II (Supp. 1983) (emphasis added). In this case, the court determined liability on June 6, 1984, but the Town did not contest it until October 2, 1984. The court's August 22, 1984 order merely continued the residential placement; the Town remained the legally liable unit. The Town's failure to contest liability within 30 days of the court's determination on June 6, 1984, bars it from subsequently challenging liability for the same placement.

This court has held that no liability for expenses of placement will arise if the placement is unauthorized. *In re Larry B.*, 125 N.H. 376, 380, 480 A.2d 166, 168 (1984), and the Derry District Court held in

this case that the placement of Aaron D. was unauthorized. This issue, however, is not before us because, although the placement in this case was unauthorized, the Town accepted liability by failing to contest liability within the statutory time period. RSA 169-B:40, II (Supp. 1983).

One of the policies underlying the assignment of liability for expenses of special placements of handicapped children is to ensure that their education "will not be interrupted by disputes between school districts over their financial liability." *In re Gary B.*, 124 N.H. 28, 32, 466 A.2d 929, 931 (1983) (citation omitted). Similarly here, were we to grant the Town's petition, and permit legally liable units to contest the determination of liability more than 30 days after notice of the determination, placement facilities would no longer be certain of payment. Placements of children under RSA chapter 169-B (Supp. 1983) would therefore be much harder to make. Under the old juvenile code, when payments were not made, minors were often removed from placement programs until pay-ments *were* made. Harkaway, Bianco, Leidinger, and Barry, *New Hampshire Juvenile Justice Code of 1969: An Overview*, 21 N.H.B.J. 45, 62 (1980).

RSA 169-B:40 (Supp. 1983), which permits a legally liable unit to contest liability within 30 days of notice of the court's determination, ensures certainty of payment once the 30-day period has passed. The Town failed to contest liability within 30 days after notice of the court's determination, and it is therefore liable for the expenses of this juvenile placement.

*Affirmed.*

All concurred.